(158 App. Div. 835.)

### TURNER v. NEW YORK SAFETY RESERVE FUND.

(Supreme Court, Appellate Division, Second Department.    November 7, 1913.)

1. INSURANCE (§ 177*)—CONSTRUCTION OF CONTRACT—TERM OF RISK.

A life insurance policy providing also for accident insurance issued September 1, 1907, provided that the insured was entitled to participate in the funds of the company to an amount not exceeding $500, payable according to the terms and conditions of attached coupons, which were four in number, and provided for the payment of not to exceed $500 at the end of each period of five years, if the policy was then in force. The by-laws provided that the policy should terminate in five years, but that it might be continued in force for a further period of five years, in accordance with the by-laws, which, however, did not indicate the procedure for such continuance. It further provided that, if payment of the premiums was not made on or before the last of any month, the policy would lapse, but might be reinstated by making such monthly payment within 30 days thereafter, but that no benefits would be paid for sickness contracted or illness occurring during the period that the payment was due and unpaid. A circular letter advising insured to continue the insurance for another five years stated that the policy was a continuous one, and might be carried indefinitely, if the premiums were paid promptly. Insured often withheld payment of the premium due on the 1st day of each month until the middle of the month, without the policy lapsing, and without being notified that he would be deprived of any benefit; but on one occasion when he was in arrears for 60 days he received notice that the policy had lapsed. The general agent of the company told insured that premiums might be paid at any time within 30 days after they became due, and a guide issued by the company and letters written by it to the general agent were to the same effect, and it had been the custom of the company to pay claims, though the premium was not paid on the 1st of the month, and though the claim arose while the premium was overdue. On September 3, 1912, two days after the expiration of the first five-year period, plaintiff was injured. On September 13th he paid the premium for that month, and thereafter paid four other premiums, which were accepted without any notice that his policy had lapsed. *Held*, that the policy was a continuous one, and subject to lapse only for nonpayment of the premium either before or after the expiration of the first five-year period, and hence had not terminated prior to the injury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 372–378; Dec. Dig. § 177.*]

2. INSURANCE (§ 357*)—PAYMENT OF PREMIUMS—TIME OF PAYMENT.

Under such policy, the premiums due on the 1st of the month could be paid at any time within the month without the policy lapsing, and hence it had not lapsed for nonpayment of the September premium prior to the injury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 914, 1034; Dec. Dig. § 357.*]

3. INSURANCE (§ 177*)—RISKS COVERED—ACCIDENT INSURANCE.

Such policy being a continuous one, a provision of the by-laws that benefits would not be paid for illness or death occurring before the policy had been in force two months did not apply to the first two months of the second five-year period.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 372–378; Dec. Dig. § 177.*]

Appeal from Trial Term, Orange County.

Action by William W. Turner against the New York Safety Reserve Fund. Judgment for plaintiff, and defendant appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

John C. R. Taylor, of Middletown, for appellant.
Frank Lybolt, of Port Jervis, for respondent.

STAPLETON, J. The appeal is from that part of a judgment which awards the plaintiff $250 damages, together with costs. The action was upon an insurance policy. . It was tried by the court; a jury having been waived.

[1, 2] On the 1st day of September, 1907, the defendant issued to the plaintiff a policy of insurance. The premium was $4, payable monthly. The policy read in part:

"William W. Turner is a member of this company, and entitled * * * to participate in the funds thereof to an amount not exceeding five hundred dollars, payable to such member according to the terms and conditions of the coupons hereto attached, and in accordance with the by-laws of the company governing such funds, now in force or which may hereafter be enacted. * * * In case of death of said member, by accident or otherwise, while this policy is in full force, it shall terminate, and there shall be paid to Bertha O. Turner the sum of five hundred dollars in accordance with the by-laws of said company governing such payment."

There was also a provision that for the loss of one limb by accident the insured should receive one-half of the death benefit, and that, in case he should, by reason of sickness or accident, be rendered incapable of following his occupation, he should be paid the sum of $20 weekly, such payment to be deducted from any death .or other benefit.

Among many clauses, the by-laws contained the following:

"Benefit loans under this policy will not be paid for illness or death occurring before the policy has been in force two months. * * * When the policy has been in full force for a period of five years, it shall terminate, and there shall be paid to the members named therein an amount in accordance with the coupons thereto attached. The policy may, however, be continued in force for a further period of five years in accordance with the by-laws of the company."

What procedure there was, if any, for the continuance of the policy for a further five-year period, the by-laws do not disclose.

The coupons alluded to were four in number, and provided for the payment to the plaintiff of a sum not to exceed $500, in the event of the policy being then in full force, at the end of each cycle of five years after the date of the policy.

The by-laws also provided:

"Should payment not be made on or before the last of any month, the policy will lapse, but may be reinstated by making such monthly payment within thirty days thereafter, subject, however, to the condition that no weekly benefit or other payments thereunder shall be made for sickness contracted or accident occurring during the period that monthly payment is due and unpaid."

On September 3, 1912, five years and two days after the issuance of the policy, and hence two days after the expiration of the first five-year cycle, the plaintiff, by an accident which threw him under a train

of cars, sustained an injury which rendered necessary the amputation of his left leg just below the knee.

Prior to the date on which the accident occurred, the plaintiff received from the defendant·a circular letter reading as follows:

"The officers of the company do not hesitate to advise you to continue your insurance under your policy for another five years. Your policy is a continuous policy, and may be carried indefinitely, provided the premiums are paid promptly."

At the time of the accident, however, the plaintiff had not paid the premium for the current month—the first month of the second cycle—nor had any other step been taken by him toward having the policy continued. Payment for September was made on the 13th of that month, and subsequent payments were made, and receipts therefor given, on September 30th, October 31st, November 30th and December 31st. When plaintiff made the payment on September 13th, he was not notified that he was in arrears, or that his policy had lapsed, nor were the premiums refused either at that time or at the making of the subsequent payments.

The evidence showed that plaintiff had been dilatory in paying his premiums, often withholding them until some time in the middle of the month, and in a few instances as long as two months. When payments were made during the month on the 1st of which they had become due, the policy was not lapsed, nor was the plaintiff notified that he would be deprived of any benefit under it; but on the occasion when he became in arrears for as long as 60 days he received notice that his policy had lapsed.

The general agent through whom the policy was issued informed the plaintiff that payments could be made at any time within 30 days after the due date without incurring a lapse of the policy. The general agent handed him a copy of the "Insurance Guide," published by the defendant, and pointed out to him therein the statement showing when payments could be made. The statement read:

"Thirty days' time will be allowed each policy holder in which to make these payments before they ·are suspended from benefit, after which, even though reinstated, they are suspended from all benefits until paid, and, should premiums remain unpaid for sixty days, the policy will lapse."

This statement was contained in the .copies of the "Insurance Guide" that were issued before the plaintiff received his policy, and was retained in the copies that were received monthly thereafter until September, 1910. Up to September, 1912, plaintiff had never received any notice of a change regarding the time during which the premiums could be paid.

As authority for the statement of the general agent that payments could be made at any time during the month, two letters, received by the general agent, and signed by the defendant by its general manager, were admitted in evidence. The first letter, dated December 5, 1906, read:

"Contrary to our advertising matter and premium booklet, we give the entire month in which to make payment of premium, and the agent reports to us on or before the 5th of the following month. That is to say, for De-

cember premiums which are due on the first of the month, the agent has the entire month in which to collect, and until the 5th of the following month to remit to us. The method and time of payment is a matter of education."

The second letter, dated February 15, 1908, read:

"In accordance with the practice of other companies and the terms of our policies, we allow thirty days in which to make payments before lapsing the policies. Unless premiums are paid when due, questions are raised which cause annoyance and correspondence, and sometimes result in considerable trouble and disappointment for the insured or their beneficiaries. We have prepared reinstatement blanks and inclose a few herewith. Acting under instructions of the company, we shall hereafter be obliged to refuse reports and remittances for past due premiums unless accompanied in every case by these reinstatement blanks properly executed."

Prior to the accident to the plaintiff, it was the custom of the defendant to pay claims where payments had not been made on the 1st of the month, and the claims had arisen during the time intervening between the 1st and the date of payment.

Upon the foregoing facts the trial justice was justified in finding that on September 3, 1912—

"at the time of the accident to plaintiff, and the loss of his left leg as aforesaid, the said policy of insurance so issued to plaintiff by defendant was a valid and existing instrument in full force and effect, and plaintiff was entitled to recover the benefit therein named."

[3] The appellant contends that, (1) the five-year period having expired at the time of the plaintiff's injuries, his policy had terminated, and defendant had ceased to be liable thereunder, and (2) that to sustain the judgment is to determine that the defendant insured against the past instead of the future. Both contentions are without merit. De Frece v. Nat. Life Ins. Co., 136 N. Y. 144, 32 N. E. 556, and cases cited; Insurance Co. v. Eggleston, 96 U. S. 577, 24 L. Ed. 841. The by-laws of the company, the company's general custom with regard to payments, its letters to its general agent, and its circular letter to the plaintiff, and its receipt without objection of the premiums during the months of September, October, November, and December, 1912, all lead to the conclusion that the policy was, as the circular letter stated, "a continuous policy," and subject to lapse upon but one contingency, namely, the failure of the plaintiff to pay each premium within the month on the 1st of which it became due, whether the month was before or after the expiration of five years from the date of issue. The policy being a continuing one, the clause providing against the payment of benefits "for illness or death occurring before the policy has been in force two months" applies to the first two months following the issuance of the policy, and to that period only.

The judgment should be affirmed, with costs.